UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

Sharon Isett,
individually and on behalf of all other
similarly situated individuals,                    CIVIL Case No.

       Plaintiff,

v.

Aetna Inc.,                                        NOVEMBER 14, 2014

       Defendant.

## COLLECTIVE ACTION COMPLAINT

Plaintiff Sharon Isett ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, Nichols Kaster, PLLP, brings this action against Aetna Inc. ("Aetna" or "Defendant") for damages and other relief relating to violations of the Fair Labor Standards Act.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. Venue is proper in the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1391 because Defendant operates in this district, and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

3. Defendant Aetna Inc., ("Aetna") is a Pennsylvania corporation with its corporate headquarters located in Hartford, Connecticut.

4. Aetna is one of the nation's largest publicly traded health and supplemental benefits companies, providing health insurance benefits under health maintenance organization (HMO), Private Fee-For-Service (PFFS), and preferred provider organization (PPO) plans.

5. According to its website, Aetna employs approximatelly 48,000 employees and has approximately 23.6 million members in its medical benefit plans.

6. Defendant operates in interstate commerce by, among other things, offering and selling a wide array of health, pharmacy, dental, life and disability, Medicaid services, behavioral health programs, and medical management products and services to customers and consumers in multiple states across the country, including Connecticut and Michigan. Upon information and belief, Defendant's gross annual sales made or business done have been in excess of $500,000.00 at all relevant times.

7. At all relevevant times, Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

8. Plaintiff Sharon Isett is an adult resident of the State of Michigan. Plaintiff has been employed by Defendant as an "Appeals Nurse Consultant" ("ANC") from approximately November 2011 to the present.

9. Plaintiff brings this action on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals were, or are, employed by Defendant as ANCs, or other similar job positions performing similar duties (e.g., Appeals Examiner), across the country during the applicable statutory period.

10. Plaintiff and others similarly situated have been employed by Defendant within two to three years prior to the filing of this lawsuit. See 29 U.S.C. § 255(a).

**FACTUAL ALLEGATIONS**

11. At all times relevant herein, Defendant operated a willful scheme to deprive their ANCs and others similarly situated of overtime compensation.

12. Plaintiff and the similarly situated individuals worked or work as ANCs or other job positions performing similar duties for Defendant. As ANCs, their primary job duty was non-exempt work consisting of applying pre-determined criteria and guidelines to medical authorization request appeals for health insurance coverage and payment purposes.

13. Plaintiff and the similarly situated individuals were paid a salary with no overtime pay.

14. Defendant suffered and permitted Plaintiff and the similarly situated individuals to work more than forty (40) hours per week without overtime pay.

15. Defendant also employed licensed practical nurses ("LPNs") or licensed vocational nurses ("LVNs") who had the same principle job duties as ANCs. Unlike the ANCs, however, LPNs or LVNs, were paid hourly and eligible for overtime wages.

16. Defendant has been aware, or should have been aware, that Plaintiff and the similarly situated individuals performed non-exempt work that required payment of overtime compensation. For instance, Defendant set productivity goals for Plaintiff and other similarly situated individuals. Plaintiff and the similarly situated individuals were required to work long hours, including overtime hours, to complete all of their job responsibilities and to meet and/or exceed their goals.

17. Plaintiff and others similarly situated also complained to supervisors in meetings and conference calls about working unpaid overtime hours.

18.     Defendant did not make, keep, or preserve accurate records of the hours worked by Plaintiff and the similarly situated individuals.

## COLLECTIVE ACTION ALLEGATIONS

19.     Plaintiff, on behalf of herself and all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

20.     Plaintiff files this action on behalf of herself and all similarly situated individuals. The proposed collective class for the FLSA claims is defined as follows:

> All persons who worked as Appeals Nurse Consultants (or other job positions performing similar duties) for Defendant at any time from three years prior to the filing of this Complaint through the entry of judgment (the "FLSA Collective").

21.     Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).  Plaintiff's signed consent form is attached as Exhibit A.   As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" Plaintiffs.

22.     During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime hours worked.  Plaintiff estimates that she typically worked on average between fifty and sixty hours per week.

23.     Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et seq., as described in this Complaint in ways including, but not limited to, failing to pay its employees overtime compensation.  Defendant knew that it was subject to the FLSA; it knew that its ANCs worked more than forty-hours per week; and it knew that they were not receiving overtime premiums for this work.

24.     Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

25. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the similarly situated individuals. Accordingly, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have suffered from the Defendant's practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant, and are readily identifiable through Defendant's records.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY OVERTIME

**(on behalf of Plaintiff and the FLSA Collective)**

26. Plaintiff, on behalf of herself and all members of the FLSA Collective, restates and incorporates by reference the above paragraphs as if fully set forth herein.

27. The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half (1.5) times the regular rate of pay for all hours worked over forty (40) hours per workweek.

28. Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours per week without overtime compensation.

29. Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective overtime compensation.

30. Defendant knew, or showed reckless disregard for the fact, that it failed to pay these individuals overtime compensation in violation of the FLSA.

31. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other

damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

33. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

33. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew, or showed reckless disregard for the fact, that its compensation practices were in violation of these laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals apprising them of the pendency of this action, and permitting them to assert FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Judgment against Defendant in the amount of Plaintiff's and the FLSA Collectives' unpaid back wages at the applicable overtime rates, and an equal amount as liquidated damages;

C. Appropriate civil penalties;

D. A finding that Defendant's violations of the FLSA were willful;

E. All costs and attorneys' fees incurred prosecuting this claim;

F. An award of prejudgment interest (to the extent liquidated damages are not awarded);

G. An award of post-judgment interest;

H. Leave to add additional Plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

I. All further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of herself, and all similarly situated individuals, demands a trial by jury.

DATED this 14th day of November, 2014.

**THE HAYBER LAW FIRM**

*/s/ Richard E. Hayber*
Richard E. Hayber, CT Bar No. ct11629
221 Main Street, Suite 502
Hartford, CT 06106
Telephone: (860) 522-8888
Fax: (860) 218-9555
rhayber@hayberlawfirm.com

**NICHOLS KASTER, PLLP**
Rachhana T. Srey, MN Bar No. 340133*
Rebekah L. Bailey, MN Bar No. 389599*
4600 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 256-3200
Fax:  (612) 215-6870
srey@nka.com
bailey@nka.com

**NACHT, ROUMEL, SALVATORE, BLANCHARD & WALKER, P.C**.
David M. Blanchard, MI Bar No. P67190*
Edward Macey, MI Bar No. P72939*
101 North Main Street, Suite 555
Ann Arbor, Michigan 48104
dblanchard@nachtlaw.com

**Attorneys For Plaintiff and the Similarly Situated**

**\*** *Application for Pro Hac Vice Admission Forthcoming*