UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON ISETT, individually and on behalf of all other similarly situated individuals,<br><br>                    Plaintiff,<br><br>         v.<br><br>Aetna Inc.,<br><br>                    Defendant. | Docket No. 3:14-cv-01698-RNC<br><br>**ANSWER**<br><br>January 12, 2015 |

Aetna Inc. ("Defendant"), for its Answer to the Collective Action Complaint ("Complaint") of Plaintiff Sharon Isett ("Plaintiff"), states as follows:

In response to the unnumbered paragraph on page one of Plaintiff's Complaint, Defendant admits that Plaintiff purports to bring this action on behalf of herself and others. Defendant denies that this case can be maintained as a collective action and denies the remaining allegations in the unnumbered paragraph on page one of Plaintiff's Complaint.

## JURISDICTION AND VENUE

1. Defendant admits that this Court has original jurisdiction over Fair Labor Standards Act claims. Defendant denies the remaining allegations in Paragraph 1 of Plaintiff's Complaint.

2. Defendant admits that venue is proper in the District of Connecticut and that Defendant operates in this district, but denies that Plaintiff has any claim for relief against Defendant and denies the remaining allegations in Paragraph 2 of Plaintiff's Complaint.

## PARTIES

3. Defendant admits that it is incorporated in Pennsylvania and that its principal executive offices are located in Hartford, Connecticut.

4. Defendant admits that, together with its subsidiaries, it is one of the nation's leading diversified health care benefits companies and that it offers, among other things, preferred provider organization ("PPO") and health maintenance organization ("HMO") plans. Defendant denies the remaining allegations in Paragraph 4 of Plaintiff's Complaint.

5. Defendant states that the publically accessible website referenced in Paragraph 5, to the extent authenticated, speaks for itself. Defendant denies the remaining allegations in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits that it operates in multiple states, including Connecticut and Michigan, and admits that its gross annual sales are in excess of $500,000.00. Defendant denies that Paragraph 6 contains a complete or accurate description of Defendant's operations. Defendant denies the remaining allegations in Paragraph 6 of Plaintiff's Complaint.

7. Defendant denies that it employed Plaintiff and denies the remaining allegations in Paragraph 7.

8. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegation concerning Plaintiff's residence and therefore denies the same. Defendant denies that it employed Plaintiff and denies the remaining allegations in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits that Plaintiff purports to bring claims on behalf of herself and others. Defendant denies that this case can be maintained as a collective action and denies the remaining allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies that it employed Plaintiff, denies that there are other individuals similarly situated to Plaintiff with respect to her claims in this matter and denies the remaining allegations in Paragraph 10 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

11. Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Defendant admits that Plaintiff is and has been paid on a salary basis and that she is and has been classified as exempt from overtime pay requirements. Defendant denies that there are individuals similarly situated to Plaintiff with respect to her claims in this matter and denies the remaining allegations in Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies that there are individuals similarly situated to Plaintiff with respect to her claims in this matter and denies the remaining allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies that there are individuals similarly situated to Plaintiff with respect to her claims in this matter and denies the remaining allegations in Paragraph 16 of Plaintiff's Complaint.

17. Defendant admits that Plaintiff has discussed her working hours with her supervisor. Defendant denies that there are individuals similarly situated to Plaintiff with respect to her claims in this matter and denies the remaining allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendant states that it did not employ Plaintiff and thus admits that it did not make, keep or retain records of her hours worked. Defendant denies that there are individuals similarly situated to Plaintiff with respect to her claims in this matter and denies the remaining allegations in Paragraph 18 of Plaintiff's Complaint.

## **COLLECTIVE ACTION ALLEGATIONS**

19. In response to Paragraph 19 of Plaintiff's Complaint, Defendant states that its responses to the allegations in Paragraphs 1 through 18 are incorporated herein as if fully set forth herein. Defendant denies any remaining allegations in Paragraph 19 of Plaintiff's Complaint.

20. Defendant admits that Plaintiff purports to bring this action on behalf of herself and others and that she purports to define a proposed collective action, but denies that this case can be maintained as a collective action, denies that Plaintiff or other individuals are entitled to any relief whatsoever, and denies the remaining allegations in Paragraph 20 of Plaintiff's Complaint.

21. Defendant states that the form attached as Exhibit A to the Complaint is a document that speaks for itself. Defendant lacks information or knowledge sufficient to form a belief as to the truth of whether other individuals will file consent forms or join as opt-ins and therefore denies the same. Defendant denies the remaining allegations in Paragraph 21 of Plaintiff's Complaint.

22. Defendant admits that Plaintiff purports to provide an estimate of hours worked in paragraph 22 of the Complaint. Defendant denies the remaining allegations in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.

## CAUSES OF ACTION

### COUNT I

26.  In response to Paragraph 26 of Plaintiff's Complaint, Defendant states that its responses to the allegations in Paragraphs 1 through 25 are incorporated herein as if fully set forth herein.  Defendant denies the remaining allegations in Paragraph 26 of Plaintiff's Complaint.

27.  Defendant states that the allegations in Paragraph 27 represent legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28.  Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29.  Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint.

30.  Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31.  Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32.  Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33.  Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint.

### PRAYER FOR RELIEF

34.  In response to the unnumbered Prayer for Relief on page 7 of the Complaint, Defendant denies that this action may be maintained as a collective action and denies that Plaintiff or any other individuals are entitled to the relief requested in Plaintiff's Complaint and/or any relief whatsoever.

35.  Defendant denies each and every allegation not specifically admitted herein.

## DEMAND FOR TRIAL BY JURY

In response to the jury trial demand on page 8 of Plaintiff's Complaint, Defendant admits that Plaintiff has demanded that her claims be tried by a jury. Defendant states that whether Plaintiff's claims are so triable represents a legal conclusion to which no response is required.

## DEFENSES

Without assuming any burden of proof it would not otherwise bear, Defendant asserts the following defenses:

## FIRST DEFENSE

Plaintiff and any potential opt-ins have failed, in whole or in part, to state claims upon which relief can be granted.

## SECOND DEFENSE

Plaintiff and any potential opt-ins fail to state a claim against Aetna Inc. because that entity was not their employer.

## THIRD DEFENSE

Plaintiff and the individuals Plaintiff seeks to represent are and always have been exempt under the FLSA, including under the professional, administrative and/or other exemptions.

## FOURTH DEFENSE

Some or all of Plaintiff's claims and the claims of any potential opt-ins are barred, in whole or in part, by statutory exemptions, exclusions, exceptions, or credits under the FLSA.

## FIFTH DEFENSE

Defendant acted in good faith and had reasonable grounds for believing that it acted properly in its pay and classification practices with respect to Plaintiff and other employees.

**SIXTH DEFENSE**

Plaintiff is not entitled to conditional or final certification or to Court-facilitated notice under 29 U.S.C. § 216(b) because Plaintiff is not similarly situated to any potential opt-ins, Plaintiff has not defined the group of potential opt-ins clearly and objectively, and Plaintiff cannot adequately represent the interests of the potential opt-ins.

**SEVENTH DEFENSE**

Plaintiff's attempt to pursue this case as a collective action fails because an independent and individual analysis of Plaintiff's claims and the claims of each potential opt-in member and each of Defendant's defenses is required.

**EIGHTH DEFENSE**

Plaintiff's attempt to pursue this case as a collective action violates Defendant's constitutional right to due process.

**NINTH DEFENSE**

Plaintiff's claims and the claims of any potential opt-ins are barred or subject to offset or reduction to the extent their salaries were intended to compensate them, and were understood by Plaintiff and any potential opt-ins to compensate them, for all hours worked each week, regardless of the number of hours worked in a particular work week. Under these circumstances, even if Defendant is found liable for overtime pay, which Defendant expressly denies, Plaintiff and any potential opt-ins would be entitled to no more than one-half their regular rate of pay in that workweek for any overtime hours worked in that workweek.

### TENTH DEFENSE

Plaintiff's claims and the claims of any potential opt-ins are barred, in whole or in part, because the time periods for which they are claiming entitlement to overtime pay fall within the *de minimus* exception.

### ELEVENTH DEFENSE

Plaintiff's claims and the claims of any potential opt-ins are barred as to all hours of alleged worked of which Defendant lacked actual or constructive knowledge.

### TWELFTH DEFENSE

Plaintiff's claims and the claims of any potential opt-ins are barred as to all hours during which Plaintiff or potential opt-ins were engaged in activities that were preliminary or postliminary to their principal activities.

### THIRTEENTH DEFENSE

Plaintiff's claims and the claims of any potential opt-ins are barred, in whole or in part, to the extent that they violated practices and guidelines or worked in violation of direct orders of their supervisors.

### FOURTEENTH DEFENSE

Plaintiff's claims and the claims of any potential opt-ins are barred, in whole or in part, by applicable statutes of limitations.

### FIFTEENTH DEFENSE

The claims of Plaintiff and any individuals whom Plaintiff seeks to represent are barred, in whole or in part, by the doctrines of laches, estoppel, off-set, release, waiver, lack of standing and/or unclean hands.

NYI-524632599v4

8

## **SIXTEENTH DEFENSE**

No act or omission of Defendant was willful, knowing, or in reckless disregard of the provisions of the applicable law.

Defendant reserves the right to amend this Answer and add additional defenses as discovery may warrant.

WHEREFORE, Defendant respectfully request that Plaintiff and any potential opt-ins take nothing by reason of Plaintiff's Complaint, that this Court dismiss the Complaint with prejudice and award Defendant its costs and attorneys' fees, and that Defendant be awarded such other and further relief as the Court deems just and proper.

Dated: January 12, 2015  
New York, New York

Respectfully submitted,

/s/ Wendy C. Butler
_____  
Wendy C. Butler (*pro hac vice,* ct25344)  
Matthew W. Lampe (*pro hac vice,* phv04349)  
JONES DAY  
222 East 41st Street  
New York, New York 10017  
Tel: 212.326.3939  
Fax: 212.755.7306  
wbutler@jonesday.com  
mwlampe@jonesday.com  

Jennai S. Williams (ct27762)  
Aetna Inc.  
151 Farmington Avenue RW61  
Hartford, CT 06156  
Tel: 860.273.9885  
Fax: 860.273.6939  
Williamsj120823@aetna.com  

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2015, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court electronic filing system.  Parties may access this filing though the Court's CM/ ECF System.

/s/ Wendy C. Butler
Wendy C. Butler
