UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

Sharon Isett,
individually and on behalf of all other
similarly situated individuals,                               Case No. 3:14-cv-01698-RNC

           Plaintiff,

v.

Aetna Inc.,

           Defendant.

---

**JOINT 26(F) REPORT OF PARTIES' PLANNING MEETING**

---

**Date Complaint Filed**: November 14, 2014

**Date Complaint Served**: November 21, 2014

**Date of Defendant's Appearance**: December 11, 2014

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on **January 12, 2015**. The participants were:

Rachhana Srey & Rebekah L. Bailey    for Plaintiff Sharon Isett & the putative collective

Matthew W. Lampe & Wendy C. Butler    for Defendant Aetna Inc.

**I)    CERTIFICATION**

      Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

1

II) **JURISDICTION**

    A) **Subject Matter Jurisdiction**

Plaintiff and Defendant (the "Parties") agree that the Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff brings this action under the federal Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*

    B) **Personal Jurisdiction**

The parties agree that the Court has personal jurisdiction over this matter pursuant to 28 U.S.C. § 1391.

III) **BRIEF DESCRIPTION OF CASE**

    A) **Claims of Plaintiff**

**Plaintiff's submission**: Plaintiff Sharon Isett ("Plaintiff") worked as an appeals nurse consultant for Defendant Aetna Inc. ("Defendant"). Defendant is one of the nation's largest publicly traded health and supplemental benefits companies, and it employs appeals nurse consultants in multiple states. Plaintiff alleges that she and similarly situated appeals nurse consultants worked in excess of forty hours in work weeks during the applicable three-year statutory period without receiving overtime compensation in violation of the FLSA, 29 U.S.C. § 201, *et seq.* Plaintiff alleges Defendant improperly classified her and other similarly situated appeals nurse consultants as exempt from the FLSA overtime provisions. On behalf of herself and a putative collective, Plaintiff seeks unpaid wages, liquidated damages, all costs and attorneys' fees, and all other relief prayed for in her complaint.

    B) **Defenses and Claims of Defendant**

**Defendant's submission**: Plaintiff named the wrong Defendant. At all relevant times, Plaintiff was employed by Aetna Life Insurance Company Inc. (hereinafter, "Aetna"). Aetna Inc. was not Plaintiff's employer and thus is not a proper party. Furthermore, Plaintiff is not

entitled to overtime compensation under the FLSA because she has at all relevant times been exempt from such requirements under one or more of the FLSA's exemptions, including but not limited to the professional and administrative exemptions. In addition, because Plaintiff cannot demonstrate that she is "similarly situated" to other potential opt-ins, this case should not be certified as a collective action under 29 U.S.C. § 216(b). Additional defenses are asserted in Defendant's answer to Plaintiff's Collective Action Complaint. Defendant has not asserted any claims in this action.

## IV) STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. Plaintiff works as an Appeals Nurse Consultant.[1]

2. Plaintiff has worked as an Appeals Nurse Consultant from approximately November 28, 2011 to the present.

3. In her Appeals Nurse Consultant position, Plaintiff is classified as exempt from the FLSA overtime provisions.

## V) CASE MANAGEMENT PLAN

### A) Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

---

[1] The parties presently dispute which Aetna entity is Plaintiff's and the putative collective's employer. Plaintiff wishes to conduct discovery on the matter.

**B)**     **Scheduling Conference with the Court**

The parties **do request** a pretrial conference with the Court before the entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).  If the Court orders a pretrial conference, Plaintiff requests the conference be by telephone, and Defendant requests the conference be in-person.

**C)**     **Early Settlement Conference**

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time:

2. The parties **do not request** an early settlement conference.

3. Should a conference be held, the parties prefer a settlement conference with a magistrate judge.

4. The parties **do not** request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D)**     **Joinder of Parties and Amendment of Pleadings**

**Plaintiff's proposals:**

1. Plaintiff should be allowed until **February 16, 2015** to file her motion for conditional collective action certification pursuant to 29 U.S.C. § 216(b).

2. Defendant should be allowed until **March 9, 2015** to file its opposition to Plaintiff's motion for conditional collective action certification pursuant to 29 U.S.C. § 216(b). Defendant does not need additional time to respond because it is already in possession of information necessary to determine whether Plaintiff and the putative collective are similarly situated.  Further, the statutes of limitations continue to run on putative collective action

members' claims, making the delay Defendant seeks detrimental to their claims, and Defendant has not agreed to toll the statute of limitations during this time.

3. The parties should be permitted to amend their pleadings until **thirty (30) days** after the close of the notice period (if Plaintiff's motion for conditional class certification is granted) or until thirty (30) days after the Court's order denying Plaintiff's motion. Plaintiffs request reasonable time to conduct discovery before this deadline, particularly with respect to the identity of Plaintiff's corporate employer.

**Defendant's proposal:**

4. Plaintiff should be allowed until **February 16, 2015** to file her motion for conditional collective action certification pursuant to 29 U.S.C. § 216(b).

5. Defendant should be allowed until **April 13, 2015** to file its opposition to Plaintiff's motion for conditional collective action certification pursuant to 29 U.S.C. § 216(b). Defendant requests this deadline to allow Defendant an opportunity to conduct limited written discovery and to take Plaintiff's deposition before filing its opposition. Such discovery is needed so that Defendant can, *inter alia*, explore the scope of the purported collective Plaintiff seeks to represent and to test whether Plaintiff can meet her burden of providing the required showing that the purported collective is "similarly situated" with respect to the relevant job requirements and pay provisions. Defendant's proposed schedule would allow conditional certification to be decided early in the proceedings without undue delay and is appropriate given that conditional certification involves an evidentiary determination and should be preceded by at least some minimal period of discovery.

6. The parties should be permitted to move to amend their pleadings until **February 16, 2015**. However, this deadline does not prevent the joinder of opt-ins by means of the opt-in

mechanism set forth in 29 U.S.C. § 216(b).  Defendant will stipulate to an amendment substituting Aetna Life Insurance Company Inc. for Aetna Inc.  As noted above, Aetna Inc. is not Plaintiff's employer and is not a proper defendant.

    **E)**     **Discovery**

        a)     The parties anticipate that discovery will be needed on the following subjects:

**Plaintiff anticipates she will need discovery on the following**:

- The nature of Defendant's business;
- The identity and size of the FLSA putative collective;
- Hours worked by Plaintiff and the putative collective;
- Defendant's timekeeping methodologies, including badge swipes, software and system log times, timestamps, and phone records;
- Plaintiff and the putative collective's job duties and responsibilities;
- Defendant's classification of appeals nurse consultants as exempt;
- Any defenses raised by Defendant; and
- Any other issues raised by the pleadings in this case.

**Defendant anticipates it will need discovery on the following:**

- Whether Plaintiff is "similarly situated" to other potential opt-in plaintiffs under 29 U.S.C. § 216(b) and whether certification of a collective action is warranted;
- Whether Plaintiff and other potential opt-ins were properly classified as exempt employees;
- Hours worked by Plaintiff and other potential opt-ins;
- All subjects and issues fairly arising out of Plaintiff's claims and/or Defendant's defenses in this action;

- Plaintiff's and potential opt-ins' employment, job duties, and responsibilities;

- Plaintiff's claims for damages and defenses thereto.

b) **Plaintiff's Proposal**: All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by **January 13, 2015** and completed (not propounded), by **November 13, 2015**. If the Court grants Plaintiff's upcoming motion for conditional certification, however, the parties will submit a supplemental report of the parties' planning meeting outlining a revised schedule, if necessary, for conducting remaining discovery; the revised schedule will be submitted within **ten days** after the close of the opt-in period.

**Defendant's Proposal**: If the Court denies Plaintiff's upcoming motion for conditional certification, all discovery, including depositions of expert witnesses disclosed pursuant to Fed. R. Civ. P. 26(a)(2), will be commenced by **January 13, 2015** and completed (not propounded) by **November 13, 2015**. If the Court grants Plaintiff's upcoming motion for conditional certification, however, all discovery, including depositions of expert witnesses disclosed pursuant to Fed. R. Civ. P. 26(a)(2), will be commenced by **January 13, 2015** and completed (not propounded) by **June 13, 2016**. Defendant's motion for decertification will be filed by **July 13, 2016**.[2]

c) Discovery **will not** be conducted in phases.

---

[2] Defendant asserts that, if the Court grants Plaintiff's motion for conditional certification, discovery will focus on those individuals who file consents to join ("opt-ins"). However, the number and identities of the opt-ins will not be fully known until the end of the opt-in period. As such, Defendant's proposal contemplates a discovery period that will allow sufficient time, if Plaintiff's motion for conditional certification is granted, for the mailing of notice, followed by an opt-in period, and, given the uncertainty regarding the number of opt-ins, an ample period for discovery on opt-ins prior to the deadline for Defendant's decertification motion.

d) **Plaintiff's Proposal**: Discovery will be completed by **November 13, 2015,** unless Plaintiff's upcoming motion for conditional certification is granted, in which case the parties will submit a supplemental report to the Court with a revised date for the close of discovery, as set forth in Part V.E.b. above.

**Defendant's Proposal**: Discovery will be completed by **November 13, 2015,** unless Plaintiff's upcoming motion for conditional certification is granted, in which case discovery will be completed by **June 13, 2016,** as set forth in Part V.E.b. above.

e) The depositions may take place at any time during the discovery period. As to the number of depositions:

**Plaintiff proposes**: Plaintiff believes that she will need ten or fewer depositions of fact witnesses. Plaintiff requests, however, that Defendant should only be permitted to take a representative number of depositions and other discovery for the collective. The parties will continue to work together to discuss proposals on representative discovery. When the parties submit their supplemental report of the parties' planning meeting as outlined in part V.E.b. above, the parties will confer once again on representative discovery. The party may seek Court guidance on the issue if necessary at that time.

**Defendant proposes**: Defendant will likely need ten or fewer depositions of fact witnesses. However, because this is a putative collective action, each party should be permitted to depose all witnesses on whom the opposing party intends to rely. Thus, the 10-deposition limitation in Rule 30(a)(2)(A) should not apply to depositions of the opposing party's disclosed witnesses under Fed. R. Civ. P. 26(a).

If the Court grants Plaintiffs' motion for conditional certification and allows notice to the putative collective members, the parties will further confer over the appropriate number of opt-in

depositions. Such decisions should be made after the opt-in period closes, at which time the parties will know the identities and number of opt-ins. Should the parties disagree, they will submit such issues to the Court. Defendant submits that the issue of whether testimony from certain opt ins can be treated as representative of others can be determined only after sufficient discovery of the putative collective.

f) The parties **do not intend to** request permission to serve more than 25 interrogatories, except that, if Plaintiff's motion for conditional certification is granted, the parties will confer over the number of additional interrogatories and documents requests that Defendant will serve on opt-ins. The parties will submit any disagreement to the Court.

g) **Plaintiff's Submission**: Plaintiff **does not intend at this time** to rely on testimony from expert witnesses. Should the parties decide to rely on testimony from expert witnesses, expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) will be due **90 days before the close of discovery** and depositions of Plaintiff's experts will be within **60 days before the close of discovery**. Rebuttal expert reports, if any, will be due **30 days before the close of discovery**.

h) **Defendant's Submission**: Should Plaintiff decide to rely on testimony from expert witnesses, Plaintiff's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) will be due **90 days before the close of discovery** and depositions of Plaintiff's experts will be within **60 days before the close of discovery**. Should Defendant decide to rely on testimony from expert witnesses, Defendant's expert disclosures will be due **30 days before the close of discovery** and depositions of Defendant's experts will take place by the close of discovery.

i) Damage analysis and initial disclosures:

**Plaintiff's proposal**: Plaintiff requests the damages analyses be exchanged on the same date that expert reports are to be exchanged. This will ensure Plaintiff has ample time to discovery information and documents necessary to conduct a calculation. The parties will exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) by **February 9, 2015**.

**Defendant's proposal**: Defendant requests that Plaintiff provide a damages analysis for Isett by **March 2, 2015**. If the Court grants Plaintiff's motion for conditional certification, Plaintiff should provide a damages analysis for any opt-ins by **90 days before the close of discovery**. The parties will exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) by **March 2, 2015**.

j) Undersigned counsel have discussed the disclosure and preservation of Electronically Stored Information ("ESI"), including, but not limited to, the form in which such data shall be produced, and appropriate steps to preserve electronically stored information. The parties will continue such discussions, as appropriate, as discovery progresses. Should the parties reach disagreement, they will submit such issue to the Court in accordance with their obligations under the Federal and Local Rules of Civil Procedure and this Court's Rules for Discovery Conferences.

The Parties will make reasonable good faith efforts and take reasonable and proportional steps to preserve relevant and responsive ESI. To do so, the Parties have instituted a litigation hold of potentially relevant information for the time period covered by the lawsuit.

Moreover, the Parties have discussed the formats in which they desire discovery productions.  Plaintiff disclosed the document review tool that she intends to use in this matter.  Plaintiff requests productions be made as single-page .tiffs and accompanied by a .dat load file unless otherwise specified.  Plaintiffs will identify the meta data and information requested for the load file in their discovery requests and the parties will meet and confer on specific issues as necessary to resolve production formatting issues.

k)	Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties agree to the following procedures for asserting claims of privilege after production:  The inadvertent or unintentional disclosure by any party of documents or information protected from discovery as an attorney-client communication, work product or otherwise protected under Federal Rule of Civil Procedure 26 (the "Privileged Material") shall not be deemed a waiver in whole or in part of that disclosing party's claim of privilege, either as to the specific documents or information disclosed or as to any other documents or information relating thereto or on the same or related subject matter.  The recipient of such Privileged Material shall (i) return it, without retaining any copy of it, upon recognizing its status, or within three (3) days from a demand (the "Demand") by the disclosing party, whichever occurs first; (ii) destroy all summaries, notes, memoranda or other documents (or the portions thereof) referring to such Privileged Material; and (iii) not use such documents containing Privileged Material for any purpose.  If the receiving party disputes the disclosing party's Demand, the matter shall be presented by the receiving party to the Court for resolution pursuant to Local Rule 37.  Further, if the recipient has already shared such Privileged

Material prior to recognizing its protected status or prior to a Demand for its return, that recipient shall promptly notify the other affected persons, and collect and return all copies.

### F) Dispositive Motions/Decertification Motion

The parties propose that the deadline to request a pre-filing conference regarding a motion for summary judgment shall be **forty-five (45) days before the close of discovery**.

**Plaintiff proposes** that all dispositive motions, including motions for summary judgment, decertification, and *Daubert* challenges share a single dispositive motion deadline.

**Defendant proposes** that dispositive motions and Defendant's motion for decertification share a single motion deadline. Defendant proposes that motions *in limine*, including *Daubert* motions, be filed on or before the date of the joint trial memorandum.

### G) Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within **sixty (60) days after the Court rules on any dispositive motions and any decertification motion**. If no dispositive motions or decertification motions are filed, the joint trial memorandum will be filed within sixty (60) days after the completion of the settlement conference.

## VI) TRIAL READINESS

The case will be ready for trial within **sixty (60) days** after the filling of the parties' joint trial memorandum.

As officers of the Court, undersigned counsel, agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

DATED this 23rd day of January, 2015.

| | |
|---|---|
| **NICHOLS KASTER, PLLP** | **JONES DAY** |
| s/Rebekah L. Bailey | s/Wendy C. Butler |
| Rachhana T. Srey, MN Bar No. 340133* | Matthew W. Lampe, *pro hac vice*, phv04349 |
| Rebekah L. Bailey, MN Bar No. 389599* | Wendy C. Butler, *pro hac vice*, ct25344 |
| 4600 IDS Center | 222 East 41st Street |
| 80 South Eighth Street | New York, NY 10017 |
| Minneapolis, MN 55402 | Telephone: (212) 326-8386 |
| Telephone: (612) 256-3200 | Fax: (212) 755-7306 |
| Fax: (612) 215-6870 | tlchase@jonesday.com |
| srey@nka.com | mwlampe@jonesday.com |
| bailey@nka.com | wbutler@jonesday.com |
| | |
| **NACHT, ROUMEL, SALVATORE, BLANCHARD & WALKER, P.C**. | **AETNA, INC.** |
| David M. Blanchard, MI Bar No. P67190* | Jennai Shelby, CT Bar No. ct27762 |
| Edward Macey, MI Bar No. P72939* | 151 Farmington Avenue RW61 |
| 101 North Main Street, Suite 555 | Hartford, CT 06156 |
| Ann Arbor, Michigan 48104 | Telephone: (860) 273-9885 |
| dblanchard@nachtlaw.com | Fax: (860) 273-6939 |
| | williamsJ120823@aetna.com |

**\*** *Admitted Pro Hac Vice*

**THE HAYBER LAW FIRM**
Richard E. Hayber, CT Bar No. ct11629
221 Main Street, Suite 502
Hartford, CT 06106
Telephone: (860) 522-8888
Fax:  (860) 218-9555
rhayber@hayberlawfirm.com

**Attorneys for Plaintiff and the Putative Collective**

**Attorneys for Defendant**

NYI-524634492v7