UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHARON ISETT, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>Defendant. | Docket No. 3:14-cv-01698-RNC<br><br><br>September 28, 2018 |

### RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

In a recent filing, Plaintiff suggests that when FLSA exemptions, such as those at issue in this case, are defined in Department of Labor ("DOL") regulations rather than the statute, they must be construed narrowly, even though the Supreme Court rejected the narrow construction doctrine in *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134 (2018) and called for a "fair reading" of FLSA exemptions.  Plaintiff is demonstrably wrong.  Plaintiff's sole support for her argument – *Amaya v. NOYPI Movers, L.L.C.*, -- Fed. App'x --, 2018 WL 3409150 (5th Cir. July 11, 2018), says nothing to support narrow construction, and post-*Encino* decisions, including from the Second Circuit, have overwhelmingly called for a fair reading of FLSA exemptions, including those that are defined in DOL regulations.

Plaintiff's reliance on *Amaya*, which turned on DOL regulations defining the Motor Carrier Act ("MCA") exemption, is misplaced.  In that case, the Fifth Circuit specifically noted that its interpretation of the MCA exemption was governed by *Encino Motorcars*: "As recently clarified by the Supreme Court, the FLSA's list of exemptions must be given a 'fair reading' as opposed to the narrow interpretation previously espoused by this and other circuits." *Id.* at *2 (internal citations and quotations omitted).  The Fifth Circuit then examined, in a footnote,

-1-

whether it could rely on two cases construing the MCA exemption that were decided prior to *Encino Motorcars*. The court concluded that it could rely on those decision because they fairly interpreted the regulations at issue and thus were consistent with *Encino Motorcars*. *Id*. at *2 n.2 (noting that its prior decisions "concern the interpretation and application of FLSA-implementing regulations"). The Fifth Circuit did not in any way suggest that its prior decisions had narrowly construed the regulations, nor did it suggest that such a narrow construction would be proper.

After *Encino Motorcars*, Plaintiff can point to no reason why regulations should even arguably be construed narrowly, and overwhelming post-*Encino* authority, including from the Second Circuit, makes clear that exemptions, including those defined in DOL regulations, are entitled to a fair (not narrow) reading. *See Flood v. Just Energy Mktg. Corp.*, -- F.3d --, 2018 WL 4471630, at *5 (2d Cir. Sept. 19, 2018) (applying a "fair reading" to the outside sales exemption, which is defined in DOL regulations); *see also, e.g.*, *Mosquera v. MTI Retreading Co.*, -- Fed. App'x --, 2018 WL 3860514, at *2 (6th Cir. Aug. 14, 2018) (applying "fair (rather than a narrow) interpretation" to the "executive or professional" exemption, as defined in DOL regulations, in light of *Encino Motorcars*) (internal citations and quotations omitted); *Lovo v. Am. Sugar Ref., Inc.*, 2018 WL 3956688, at *7 (D. Md. Aug. 17, 2018) (applying "fair (rather than a narrow) interpretation" to executive and administrative exemptions under *Encino Motorcars*) (internal citations and quotations omitted); *Geist v. Handke*, 2018 WL 3474175, at *2 n.2 (D. Kan. July 19, 2018) (rejecting plaintiff's argument that the court must "narrowly construe the administrative exemption" and instead applying a "fair reading" under *Encino Motorcars*); *Brown v. Barnes & Noble, Inc.*, 2018 WL 3105068, at *5 (S.D.N.Y. June 25, 2018) (giving "fair reading" to executive exemption when construing *Encino Motorcars*).

-3-

Plaintiff's attempt to argue for a narrow construction of FLSA regulations is not only contrary to binding precedent, but also counter-intuitive. The DOL regulations at issue, both in *Amaya* and in this case, cannot be analyzed apart from the statue, because they exist solely to define exemptions set forth in the statute. *See* 29 U.S.C. § 213(a)(1) (the executive, administrative, professional and outside salesman exemptions shall be "defined and delimited from time to time by regulations of the Secretary…"). If the FLSA exemptions are to be construed fairly, as *Encino Motorcars* mandates, so must the regulations defining those exemptions. This result was clearly contemplated by the holding in *Encino Motorcars*, which was not limited to any particular exemption, but rather extended to all exemptions, most of which are defined in regulations. *Encino Motorcars*, 138 S. Ct. at 1142 (noting that "the FLSA has over two dozen exemptions in § 213(b) alone" and "[t]hose exemptions are as much a part of the FLSA's purpose as the overtime pay requirement.").

Thus, in deciding the parties' pending cross-motions for summary judgment, this Court should reject Plaintiff's request that the Court apply the narrow construction and should, as the Supreme Court instructs, fairly interpret the exemptions at issue.

Dated:  September 28, 2018     Respectfully submitted,
        New York, New York

                                */s/ Wendy C. Butler*
                                ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
                                Wendy C. Butler (*pro hac vice,* ct25344)
                                Matthew W. Lampe (*pro hac vice,* phv04349)
                                JONES DAY
                                250 Vesey Street
                                New York, New York  10281
                                Tel:  212.326.3939
                                Fax:  212.755.7306
                                wbutler@jonesday.com
                                mwlampe@jonesday.com

                                Jennai S. Williams (ct27762)
                                Aetna Inc.
                                151 Farmington Avenue RW61
                                Hartford, Connecticut  06156
                                Tel:  860.273.9885
                                Fax:  860.273.6939
                                Williamsj120823@aetna.com

                                *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2018, a copy of the foregoing Defendant's Response to Plaintiff's Notice of Supplemental Authority was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Wendy C. Butler
Wendy C. Butler (pro hac vice, ct25344)
JONES DAY
250 Vesey Street
New York, New York 10281
Tel: 212.326.3939
Fax: 212.755.7306
wbutler@jonesday.com
