UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHARON ISETT, :
:
    Plaintiff, :
:
v. : Case No. 3:14-cv-1698 (RNC)
:
AETNA LIFE INSURANCE COMPANY, :
:
    Defendant. :
:

## RULING AND ORDER

Sharon Isett brings this case against her former employer, Aetna Life Insurance Company, on behalf of herself and others, arguing that as an Appeals Nurse Consultant ("ANC") at Aetna, she was entitled to overtime pay under the Fair Labor Standards Act ("FLSA"). The parties' cross-motions for summary judgment address the applicability of two exemptions from the FLSA's requirements regarding overtime pay: the learned professional exemption and the administrative exemption. I conclude that the learned professional exemption applies, grant Aetna's motion on this basis, and deny the plaintiff's motion, without reaching the question whether the administrative exemption also applies.

I. Background

Plaintiff was employed by Aetna as an ANC from 2011 to 2016. ANCs work in the National Clinical Appeals Unit ("NCAU") reviewing claims for health insurance benefits that have been denied by one of several departments at Aetna. All ANCs must be

1

licensed Registered Nurses ("RNs") with two to five years of experience.  ANCs do not receive overtime pay.

ANCs are not primarily responsible for processing appeals at Aetna.  Appeals are processed by analysts in a separate department, called Complaints, Grievances and Appeals ("CG&A").  Analysts in that department transmit appeals to the NCAU when a clinical determination is required; for example, when the issue is whether a particular treatment is medically necessary.  Plaintiff reviewed appeals seeking authorization for medical services not yet rendered.

Plaintiff worked remotely from home without much oversight.  Her work on any given appeal involved several steps.  On receiving an appeal, she reviewed the patient's file and used Aetna's clinical guidelines to analyze whether the requested services were medically necessary such that Aetna should pay for them.  In addition to consulting the guidelines, she relied on her clinical experience in making an individualized determination in each case.  In appropriate cases, plaintiff assessed whether the patient should be admitted to the hospital, the appropriate level of care, and the appropriate length of hospital stay, and made a decision or recommendation accordingly.  If another department had denied coverage for non-clinical reasons, it was the plaintiff's responsibility to assess the patient's medical needs for the first time on appeal.  In some cases, she issued a

final approval or denial on her own; at other times, she formulated a recommendation for review by a medical doctor. After completing work on an appeal, the plaintiff sent her evaluation to CG&A for final resolution.

II. Discussion

Regulations implementing the FLSA provide for the learned professional exemption. 29 C.F.R. § 541.301. To qualify for the exemption, "an employee's primary duty must be the performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction." Id. § 541.301(a). Registered nurses working in clinical settings generally meet the requirements of the exemption. Id. § 541.301(e)(1)(2); see, e.g., Hinterberger v. Catholic Health Sys., 299 F.R.D. 22, 34 (W.D.N.Y. 2014); Bachayeva v. Americare Certified Special Servs., Inc., No. 12-CV-1466 RRM, 2013 WL 1171741, at *5 (E.D.N.Y. Mar. 20, 2013). The issue in this case is whether the work of an ANC differs from that of an RN in a clinical setting in ways that render the exemption inapplicable.

Case law supports Aetna's position that the exemption applies. In Rieve v. Coventry Health Care, 870 F. Supp. 2d 856, 859 (C.D. Cal. 2012), a registered nurse worked for a health care company that sought to "reduce the costs associated with workers' compensation injuries, ensure quality care, and improve return to

3

work rates and timing." The plaintiff argued that the exemption did not apply because she performed "routine work" that was "highly standardized" and "closely controlled" by "guidelines"; she could not order that treatment be undertaken or altered; and she could not override decisions of claims adjusters. Id. at 863. The Court concluded that the exemption applied. Id. at 864. "[E]ven though [the] [p]laintiff existed in a hierarchy, she was clearly still required to exercise independent judgment and discretion in the course of her duties" because "[l]ike a registered nurse in practice, [she] interacted with physicians and patients and provided skilled advice, despite the fact that she did not have the authority to order or alter any course of treatment herself." Id. Moreover, although the plaintiff routinely used a guidelines manual, her decisions were still "fact-specific and tailored to each of her patient's individual situations." Id. at 865.

Similarly, in Williams v. GENEX Servs., Inc., Civ. Action No. MJG-13-1942, 2014 WL 4388360, at *3 (D. Md. Sept. 4, 2014) the Court ruled that the learned professional exemption applied to a job done by a registered nurse who used her "clinical/nursing skills" to help "coordinate" care while "maximizing cost containment." The exemption applied, even though the plaintiff did not have ultimate decisionmaking power, because she still "use[d] her discretion and judgment to evaluate

4

cases and make recommendations for future courses of action." Id. at *8.

Plaintiff relies on Clark v. Centene Co. of Texas, L.P., 656 F. App'x 688 (5th Cir. 2016), which involved a case manager employed by a managed health care company. As a case manager, the plaintiff in Clark engaged in utilization review to verify the "medical necessity" and "appropriateness" of requests for coverage. Id. at 689. To qualify for the position of case manager, it was not necessary that the employee be a registered nurse; it was sufficient if the employee was a vocational nurse. Id. at 690. The Fifth Circuit stated that licensed vocational nurses do not "receive sufficient academic instruction to qualify as exempt learned professionals." Id. at 693. On that basis, the exemption did not apply. Id.

Plaintiff argues that her position as an ANC should be treated like that of the case manager in Clark because Aetna allows the work of ANCs to be performed by Licensed Practical Nurses ("LPNs"). But this case differs from Clark in crucial respects. Aetna does not employ LPNs as ANCs. Rather, LPNs are employed in a separate position, called "Appeals Nurse Associate" ("ANA"). The evidence shows that ANAs cannot independently approve appeals, but may only summarize files and make recommendations to a medical doctor. Pl.'s Ex. 13, ECF No. 148-36 (Aetna's job description for the ANA position); Saravia

5

Dep., ECF No. 150-4 at 67:15-68:18, 71:1 (stating, among other things, that the ANAs and ANCs are "not peers" and that ANAs do not have the authority to "make a decision on an appeal"). ANCs, in contrast, are trusted to use their advanced knowledge, training and experience as registered nurses to make correct decisions concerning the need for treatment, which may result in Aetna paying large sums for expensive treatment. Under the regulations and case law, that is sufficient to meet the requirements of the learned professional exemption.

III. Conclusion

Accordingly, defendant's motion for summary judgment is granted; plaintiff's motion is denied. The clerk may enter judgment and close the file.

So ordered this 30th day of September 2018.

/S/ RNC
Robert N. Chatigny
United States District Judge